Eric A. Welter, Bar No. 270591
 eaw@welterlaw.com
WELTER LAW FIRM, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Julie R. Trotter, Bar No. 209675
Mireya A. R. Llaurado, Bar No. 194882
CALL & JENSEN APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 717–3000
 jtrotter@calljensen.com
 mllaurado@calljensen.com

Attorneys for Defendant
7-Eleven, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA BOSS, <br><br> Plaintiff; <br><br> v. <br><br> 7-ELEVEN, INC.; and DOES 1 - 20, inclusive <br><br> Defendants. | CASE NO. 1:25-cv-00074-JLT-BAM <br><br> Assigned to: Judge Barbara A. McAuliffe <br><br> **STIPULATED PROTECTIVE ORDER** |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Upon review of the Parties' Stipulated Protective Order Regarding Confidential Information and Documents governing confidential information and documents, to facilitate discovery and the exchange of information, including documents and testimony, while protecting the Parties' interest in maintaining the

confidentiality of information which is proprietary, contains sensitive business, commercial or other technical information, or personal health, financial or other sensitive information, the uncontrolled release of which would cause competitive or personal harm, and for good cause shown, the Court hereby enters the following ORDER:

1. This Order shall govern the treatment and handling of all documents or other products of discovery produced by either party, or other information derived from discovery. The term "Documents," as used in this Order, shall mean all documents produced and information supplied in any form, including but not limited to documents produced and information produced by the Parties, disclosed through discovery, disclosed through testimony, or contained in briefs, or other documents filed with the Court in this litigation for the purposes of discovery or otherwise. Documents as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by the Federal Rules of Civil Procedure. Documents also includes interrogatory answers, responses to requests for admission, and deposition transcripts and exhibits. Documents also includes any pleading, filing, motion, affidavit, declaration, or brief that quotes or summarizes a Document. Documents also includes documents or data made available for initial inspection but not chosen by the inspecting Party for copying.

1. The term "Confidential Information", as used in this Order, shall mean an individual's:

a. Social Security number, driver's license, information contained on a state-issued personal or voter identification card;

b. Date of birth;

c. Home or mobile telephone number;

d. Email address or addresses;

e. Home address or addresses; and

f. Any other document or information designated as confidential by either party.

Any information or Documents may be designated as confidential if a party in good faith believes it to be confidential. The parties and their counsel shall act in good faith to restrict the documents, responses and other information designated as confidential to the smallest number possible. In the event any party objects to any confidential designation, the objecting party shall notify opposing counsel in writing of the objection within ten (10) days of receipt of the information designated confidential. Counsel for the parties then shall confer promptly and, if necessary, the party claiming confidentiality shall seek an Order of the Court pursuant to Local Rule 141 and Rule 26(c) of the Federal Rules of Civil Procedure within ten (10) days from the date the party claiming confidentiality receives notice of the objection, unless the parties agree to other arrangements. Where a party makes an objection within the provisions of this Order, no disclosure of the information designated as confidential shall be made until the objection is determined by a court.

2. At the time of production, any Document deemed confidential shall be designated as "CONFIDENTIAL" on the front of each one-page Document and on each page of each multi-page document that contains confidential information. Any nondocumentary information deemed confidential that is provided in written form shall be noted with the legend "CONFIDENTIAL." Any Document or written nondocumentary information so designated shall be accorded the confidential treatment provided in this Order. If a party desires to designate any Document produced to date in discovery as "CONFIDENTIAL," counsel shall serve a designation in writing on opposing counsel within fifteen (15) days of execution of this Order.

3. The failure to designate Documents or information as provided in Paragraphs 2 and 3 of this Order as confidential shall not constitute a waiver of a party's later designation of such records or information as subject to the provisions of this Order.

4. Should any Confidential Information be used or elicited during the taking of any deposition, counsel shall be afforded an opportunity to designate as confidential any portion of the transcript containing any reference to such information. Any portions so designated will be deemed Confidential Information and accorded the protection of this Order. The court reporter or other official making a transcript of the deposition will be advised to identify those pages of the transcript afforded confidential treatment in the table of contents or other appropriate location

WELTER LAW FIRM, P.C.
20130 LAKEVIEW CTR. PLAZA, STE 400
ASHBURN, VA 20147
(703) 435-8500

at the front of the transcript.

5. All summaries and exhibits prepared from Confidential Information shall be stamped "CONFIDENTIAL" by counsel causing them to be prepared.

6. Access to Confidential Information is on a strict "need-to-know" basis and is restricted to the following persons:

(a) Counsel of record in this litigation, and their partners, associates, and employees who are working on this litigation;

(b) Experts and consultants actually retained or employed to consult with, advise, or assist counsel in the preparation or trial of this litigation, provided that any such expert or consultant shall be shown a copy of this Stipulated Protective Order and must sign a declaration in the form of Exhibit A;

(c) Parties,

(d) Any witness whom the parties intend to call at trial;

(e) The Court;

(f) Any deponent noticed by either party; and

(g) The jury at trial.

7. Disclosure or use of Confidential Information is prohibited except as provided in paragraphs 7(a)-7(g) unless written consent from the parties is obtained prior to disclosure or use.

8. All persons having access to Confidential Information made available pursuant to this Order shall agree not to make any use of Confidential Information

except in connection with this litigation and further shall agree not to deliver or transfer Confidential Information to any person not previously authorized by the terms of this Order.

9.   All copies of Confidential Information disclosed under this Order shall be subject to the same restrictions as imposed on the original information.

11.   The inadvertent or unintentional disclosure of Documents containing Confidential Information shall not be construed to be a waiver, in whole or in part, of the Parties' claims of confidentiality, either as to specific Confidential Information and Documents or as related to Confidential Information and Documents.  If a party discovers that Documents previously produced should have been designated Confidential, that party shall promptly identify the Documents it intends to designate as Confidential and the basis for designating the Documents as such.  The Documents shall thereafter be treated as Confidential in accordance with this Order.

12.   In accordance with Local Rule 141, no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

13.   Upon the final termination of this litigation (either by settlement, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), counsel shall forward on demand to opposing counsel all Confidential Information, or any extract, summary, or copy of such Confidential Information.

Counsel is responsible under the provisions of this paragraph for the return of any Confidential Information given to any person identified in paragraph 7. Counsel may retain attorney work product concerning Confidential Information.

14. No modification or amendment of this Order is permitted except by a writing signed by counsel for the parties.

15. The failure to insist upon full compliance with any of the terms of this Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

16. Nothing contained in this Order shall restrict a party's use of its own Documents and Confidential Information designated as confidential.

**SEEN AND AGREED TO:**          **SEEN AND AGREED TO:**

By: */s/ Michael Freiman, with permission*   By: */s/ Eric A. Welter*
    Michael Freiman                      Eric A. Welter
    Attorney for Plaintiff               Attorney for Defendant
                                         7-Eleven, Inc.

EXHIBIT A – AGREEMENT AND ACKNOWLEDGEMENT TO BE BOUND

I, _____ [Print or type full name], of _____ (Address) _____ (City) _____ (Zip Code), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Diana Boss v. 7-Eleven, Inc. et al*. (Case No. 1:25-cv-00074-JLT-BAM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

In addition to the foregoing order, the parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Further, the parties shall consider resolving any dispute arising under the stipulated protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **May 27, 2025**          /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE